Filing # 13342384 Electronically Filed 05/06/2014 04:14:07 PM

IN THE CIRCUIT COURT OF THE EIGHTEETH JUDICAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| ALL POINTS LOGISTICS, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. _____ |
| ) | |
| AKIRA TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## COMPLAINT

Plaintiff, ALL POINTS LOGISTICS, LLC, ("APL" or "Plaintiff") by and through its undersigned counsel hereby brings this civil action for breach of contract against Defendant, AKIRA TECHNOLOGIES, INC., ("AKIRA" or "Defendant") and states the following:

### INTRODUCTION

1. This is an action to recover damages resulting from Defendant's breach of contract.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because the Complaint seeks damages in excess of $15,000, exclusive of interest and attorneys' fees.

3. Venue is proper in Brevard County as AKIRA was required to submit payments to APL in Brevard County. While Article 13 of the contract states venue is in Broward County, the name of the county was a scrivener's error and should have stated Brevard County as none of the work required by the contract or payments due to APL under the contract would have been in Broward County.

4. Plaintiff is a corporation organized and existing under the laws of the state of Florida.

5. Defendant, is a foreign corporation and at all times material hereto, has engaged in "trade or commerce" as that term is defined in § 501.203(8), Florida Statutes (2007).

## PARTIES

6. Plaintiff is a Florida Corporation with its principal place of business at 190 South Sykes Creek Parkway, Suite 4, Merritt Island, FL, 32952.

7. Defendant is a Virginia Corporation with it principal place of business at 10 G. Street, NE, Suite 710, Washington, D.C., 20002.

## FACTUAL BACKGROUND

8. In January of 2013, the Department of Homeland Security ("DHS") awarded a prime contract ("FirstSource II") to AKIRA to supply commercial off the shelf information technology products and related services to DHS agencies.

9. On July 1 and 2, 2013, AKIRA and APL respectively executed a contract entitled, TEAMING AND MASTER SUBCONTRACT AGREEMENT FOR THE DHS FIRSTSOURCE II IDIQ, (the "Agreement") with an effective date of May 27, 2013 (Exhibit A).

10. Under the Agreement, APL served as an equipment sourcing partner to AKIRA for all FirstSource II opportunities. Upon DHS' publication of solicitations under FirstSource II, APL would assess whether it wished to supply the required products and services through AKIRA. If APL chose to supply the required products and services through AKIRA, the Plaintiff would submit detailed bid and cost data to AKIRA that would in turn form the basis of AKIRA's quote/proposal in response to the respective DHS solicitation.

11. Pursuant to the Agreement, APL would incur the cost of all products that were provided under the FirstSource II opportunities and then be reimbursed by AKIRA upon the Defendant's receipt of payment form DHS. AKIRA and APL would divide any profits gained under a winning quote/proposal on a pro-rata basis.

12. Pursuant to the Agreement, after AKIRA received payments from DHS AKIRA was to pay APL for its incurred costs of products and the agreed upon profits within 30 days after receiving APL's invoice. The sum to be tendered to APL was predetermined and agreed upon pursuant to the bid and cost data submitted prior to the submission of AKIRA's bid/quote. The sum to be tendered to APL was to equal APL's costs of goods/services and 50% of any profits gained under the respective quote/proposal submitted by AKIRA.

13. The Agreement also contained an unambiguous mutual restriction regarding the solicitation of both parties' employees. Under Article 9 of the Agreement, during the term of the Agreement and for two years thereafter, neither AKIRA nor APL could directly or indirectly solicit or offer employment or any business opportunity to an employee of the other concern.

14. During the first few months after the effective date of the Agreement, AKIRA paid APL's invoices in a regular manner and refrained from indirectly or directly soliciting APL's employees.

15. On November 27, 2013, and January 6, 2014, two of APL's employees received email solicitations from Palmer Wickre (Exhibit B) (a.k.a., Paul Wickre, ex APL employee) asking them to leave APL and join him at AKIRA.

16. On or about August 1, 2013, AKIRA stopped paying all of APL's invoices issued under the Agreement. On information and belief, AKIRA has received payment from DHS for all, or substantially all, of said invoices of APL that were timely transmitted to AKIRA via email. As of the date of this Complaint, AKIRA has failed to pay not less than thirty three invoices of APL totaling $931,541.94 (Copies of the unpaid invoices are attached hereto as **Exhibit C**) (Copies of the purchase orders issued by AKIRA to APL are attached hereto as **Exhibit D**)

## COUNT I

## BREACH OF CONTRACT

17. APL incorporates by reference paragraphs 1 – 16 of this Complaint.

18. APL has complied with its requirements under the Agreement by promptly supplying the required commercial off the shelf information technology products and related services at the agreed to prices. The products supplied and prices invoiced by APL are entirely consistent with the cost and bid data supplied to, and agreed upon by AKIRA prior to the commencement of each FirstSource II opportunity.

19. AKIRA has breached the Agreement by failing to tender payment to APL consistent with the terms set forth therein.

20. AKIRA's above noted breach of the Agreement is material and has damaged APL.

WHREREFORE, Plaintiff prays and demands that this Court enter an award for damages, costs, prejudgment interest, and such other relief as may be appropriate.

## COUNT II

## BREACH OF CONTRACT

21. APL incorporates by reference paragraphs 1 – 20 of this Complaint.

4

22. APL has complied with its requirements under the Agreement and not directly nor indirectly solicited or otherwise offered employment or any business opportunity to an employee of AKIRA.

23. AKIRA has breached the Agreement by soliciting or otherwise offering employment or any business opportunity to two separate employees of APL on November 27, 2013, and January 6, 2014, as evidenced by the aforementioned emails. (Exhibit B).

24. AKIRA's above noted breach of the Agreement is material and has damaged APL.

WHREREFORE, Plaintiff prays and demands that this Court enter an award for damages, costs, prejudgment interest, and such other relief as may be appropriate.

### DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 6, 2014

/s/ Edward J. Kinberg
Edward J. Kinberg
FL Bar No. 996742
KINBERG & ASSOCIATES, LLC
1290 W. Eau Gallie Blvd.
Melbourne, FL 32935
Phone: 321-259-1910
Fax: 321-259-1996
ejk@kblegal.com

John A. Bonello
VA Bar No. 71926
Thomas K. David
VA Bar No. 38043
DAVID, BRODY & DONDERSHINE, LLP
12355 Sunrise Valley Drive
Suite 650
Reston, VA 20191
Phone: 703-264-2220
Fax: 703-264-2226
**Attorneys for All Points Logistics, LLC**